1 | WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Natalie C. Lehman, Esq.
Nevada Bar No. 12995
7785 W. Sahara Avenue, Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
dnitz@wrightlegal.net
nlehman@wrightlegal.net
*Attorneys for Defendants, U.S. Bank, National Association, Western Progressive-Nevada, Inc., and Ocwen Loan Servicing, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ALFRED CLARK, | Case No.:  2:17-cv-01065-JAD-VCF |
| Plaintiff, | |
| vs. | **DEFENDANTS' MOTION TO STAY DISCOVERY** |
| NEW CENTURY MORTGAGE COMPANY, US BANK, NATIONAL ASSOCIATION, BARCLAYS CAPITAL REAL ESTATE INC., dba HOMEQ SERVICING, ATTORNEY IN FACT; WESTERN PROGRESSIVE – NEVADA, INC.; OCWEN LOAN SERVICING, LLC, | |
| Defendants. | |

COMES NOW Defendants, U.S. Bank, National Association, Western Progressive-Nevada, Inc., and Ocwen Loan Servicing, LLC, and through their attorneys of record, Dana Jonathon Nitz, Esq., and Natalie C. Lehman, Esq., of the law firm of Wright, Finlay & Zak, LLP, and hereby moves pursuant to  Fed. R.Civ. P. 26 (c) for a protective order staying discovery pending a ruling on its Motion to Dismiss [ECF No. 25].

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Alfred Clark initiated this matter by filing a Complaint on April 17, 2017 [ECF No. 1], asserting that his property was wrongfully foreclosed upon. The 249-page pleading identifies defendants New Century Mortgage Company ("New Century"), U.S. Bank, Barclays Capital Real Estate, Inc. dba HomEq Servicing, Attorney in Fact ("Barclays"), Western Progressive, and Ocwen in connection with a Note and Deed of Trust. Clark's Complaint lists a few causes of action in its caption – some general, some specific – then engages in conclusory allegations that specify neither which Defendant(s) acted, nor which particular violations occurred. Attached to the Complaint are voluminous exhibits that do little to clarify his claims.

Clark's main contention appears to be an allegation that the assignment of the Deed of Trust from New Century to U.S. Bank was invalid due to New Century's bankruptcy proceeding filed in 2007. *See* Complaint, p. 5, ¶¶ [sic] 5-6. Clark claims that, based on this supposed "invalid" assignment, the ongoing efforts to foreclose upon the subject property are without authority and are therefore invalid. Clark extends this allegation, then, to contend that all Defendants have been acting in concert to deprive him of his rightful property. In essence, Clark failed to fulfill his obligations as mortgagor and now seeks to pass the consequences of his failure on to the loan servicer and lender. This is nothing more than an attempt by Clark to keep his home without having to satisfy his duties under the Note and Deed of Trust. **None of Clark's claims can be maintained against U.S. Bank, Western Progressive or Ocwen.**

Defendants moved for dismissal on the following grounds: *First*, **Clark lacks standing to challenge the Assignment, and even if he did have standing, there is no legal basis to do so.** *Second*, **Clark's remaining claims fail because they are either time-barred or fail to meet the pleading requirements.** *Second*, Clark's remaining claims are either time-barred or fail to meet pleading requirements. *Finally*, Clark failed to make any viable claims for relief and no amendment to the complaint would lend any viability to the claims asserted.

Clark's Opposition failed to refute any of the Defendants' arguments contained in the Motion to Dismiss. Despite Defendants' claims that Clark's Complaint lacked specificity and

1  clarification, Clark failed to supplement his pleadings with any factual bases for his claims. Clark
2  failed to clarify any of his claims with the proper elements and/or tests, and did not specify or
3  qualify any of his claims. Clark instead used his Opposition as a platform to reiterate his
4  Complaint, and even "double down" on facts that are contrary to the record in this case. Clark
5  seeks to have Defendants and this Court employ guesswork to evaluate his claims for relief, and
6  leaves the reasoning and legal analysis to others. Because Clark failed to meet his burden in
7  bringing these claims, and because Clark failed to refute the arguments by Defendants, Clark's
8  Complaint should be dismissed in its entirety, with prejudice.

9  **Accordingly, because Plaintiff has failed to adequately plead his claims and his**
10 **claims are baseless, a stay of discovery is justified.**

11 **II.     ARGUMENT**

12      District courts have broad discretion to stay discovery. The Supreme Court has
13 recognized that discovery should not be permitted until a plaintiff has stated a viable cause of
14 action. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Rule 8 marks a notable and generous
15 departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock
16 the doors of discovery for a plaintiff armed with nothing more than conclusions.") And the Ninth
17 Circuit has found that, when faced with a motion to dismiss, the "sounder practice [is] to
18 determine whether there is any reasonable likelihood that plaintiffs can construct a claim before
19 forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo*
20 *Winery*, 829 F.2d 729, 738 (9th Cir. 1987). The Rutman court also stated that the "purpose of
21 Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints
22 without subjecting themselves to discovery." Id.

23      Staying discovery in this action is appropriate given the high probability that Defendants
24 will prevail on the Motion to Dismiss. See *Clemons v. Hayes*, No. 10-011, 2011 WL 2112006, at
25 *4 (D. Nev. May 26, 2011) (granting motion to stay discovery where it appeared "unlikely" that
26 the plaintiff's claim would survive a motion to dismiss); *Buckwater v. Nev. Bd. Of Med.*
27 *Exam'rs*, No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *3 (D. Nev. Mar. 7, 2011)
28 (finding that "it appears probable" that the defendant's motion to dismiss would be granted and

therefore staying discovery). As detailed in Defendants' Motion to Dismiss, Plaintiff's claims are deficient both because they fail to state a claim upon which relief can be granted and they fail under the basic pleading standard of Fed. R. Civ. P. 8. Engaging in discovery on a factually deficient complaint would unnecessarily burden the Defendants.

### III. CONCLUSION

The Court should grant Defendants' Motion to Stay Discovery and issue a protective order staying discovery until such time as the Court has rendered a decision on Defendants' Motion to Dismiss (ECF No. 25).

DATED this 29th day of August, 2017.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

*/s/ Natalie C. Lehman, Esq.*
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Natalie C. Lehman, Esq.
Nevada Bar No. 12995
7785 W. Sahara Avenue, Suite 200
Las Vegas, NV 89117
*Attorneys for U.S. Bank, National Association, Western Progressive-Nevada, Inc., and Ocwen Loan Servicing, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of WRIGHT, FINLAY & ZAK, LLP and that I electronically served on the 29th day of August, 2017, the foregoing **MOTION TO STAY DISCOVERY** to all parties and counsel as identified on the Court-generated Notice of Electronic Filing and by United States first class mail, postage paid to the persons below:

Alfred Clark
5613 Harmony Avenue
Las Vegas, Nevada 89107
*Pro Se Plaintiff*

                              */s/ Lisa Cox*___ _____
                              An Employee of WRIGHT, FINLAY & ZAK, LLP