**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ALFRED CLARK,<br><br>             Plaintiff,<br><br>vs.<br><br>NEW CENTURY MORTGAGE COMPANY, *et al.*,<br><br>             Defendants. | 2:17-cv-01065-JAD-VCF<br>**ORDER**<br><br>MOTION TO STAY DISCOVERY (ECF NO. 39) AND MOTION TO STRIKE PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER (ECF NO. 42) |

Before the Court is Defendants U.S. Bank, National Association; Western Progressive-Nevada, Inc., and Ocwen Loan Servicing, LLC's (collectively "Defendants")[1] Motion to Stay Discovery (ECF No. 39) and Defendants' Motion to Strike ECF No. 41, Plaintiff Alfred Clark's Discovery Plan and Scheduling Order (ECF No. 42).  For the reasons discussed below, Defendants' motions to stay discovery and strike the proposed discovery plan are granted.  The Court also vacates the hearing set for October 13, 2017 relating to these motions.  (ECF No. 45).

**MOTION TO STRIKE PROPOSED DISCOVERY PLAN**

As a preliminary matter, the Court grants Defendants' motion to strike the proposed discovery plan and scheduling order.  (ECF No. 42).  Plaintiff concedes that the proposed order is a "draft" filed before the parties held a conference under Fed. R. Civ. P. 26(f) and LR 26-1.  (ECF No. 46 at 3).  The rules do not provide for filing a "draft" of a discovery plan prior to the parties meeting.  Therefore, the proposed plan (ECF No. 41) is hereby stricken.

---

[1] While Defendant Barclays Capital Real Estate, Inc. did not join in the motion to stay discovery, Barclays did join in the related motion to dismiss.  (ECF No. 28).  Barclays has not joined in the other Defendants' motion to strike the proposed discovery plan.

**MOTION TO STAY DISCOVERY**

**I.        Legal Standard**

Defendants move to stay discovery based on their pending motion to dismiss Plaintiff's complaint. (ECF No. 39). When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1: the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* Fed. R. Civ. P. 26(B)(2)(iii).

The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503. Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the

merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

## II.   DISCUSSION

Plaintiff's complaint generally asserts that Defendants are wrongfully attempting to foreclose on Plaintiff's property. (ECF No. 1 at 4-6, 9-10). Plaintiff's assertion centers around the deed of trust on the property being assigned from New Century to U.S. Bank after New Century filed for Bankruptcy. (*Id.*). Defendants assert there are several foundational, legal issues with Plaintiffs' claims. Defendants argue Plaintiff lacks standing to challenge the assignment, there is no legal basis to challenge the assignment, Plaintiff's claims are time-barred, and Plaintiffs' claims fail to meet pleading standards. (ECF No. 39 at 2).

Without prejudging the outcome of the motion to dismiss, the Court finds there is a high likelihood that the complaint will be significantly limited in scope if not eliminated when the pending motion to dismiss is decided. There appears to be merit in several of Defendants' arguments against Plaintiff's claims, and these arguments would not need further discovery to resolve.[2] After a "preliminary peek" and in light of the goals of Rule 1 to "secure the just, speedy, and inexpensive" determination of all cases, the Court finds that the motion to dismiss has merit, may resolve most if not all issues in controversy, and demonstrates good cause to stay discovery.

---

[2] The Court is persuaded by Defendants' argument that Plaintiff does not have standing to challenge the deed of trust's assignment. All of Plaintiff's claims stem from his assertion that the assignment was improper, and Defendants have cited several cases indicating Plaintiff does not have standing to make this argument. (ECF No. 25 at 8-9). In addition, to the extent Plaintiff has standing to challenge the assignment, Defendants have provided documents of public record and a related request for judicial notice (ECF No. 26) that indicates the assignment was proper. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (stating that a court may take judicial notice of matters of public record not reasonably in dispute in resolving a motion to dismiss).

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery (ECF No. 39) is hereby GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Strike Plaintiff's Discovery Plan and Scheduling Order (ECF No. 42) is hereby GRANTED.  Plaintiff's proposed discovery plan and scheduling order (ECF No. 41) is hereby STRICKEN.  In the event resolution of Defendants' motion to dismiss (ECF No. 25) does not result in the disposition of this case, the parties must file a new discovery plan within 21 days of the issuance of the order resolving that motion.

IT IS FURTHER ORDERED that the hearing set for October 13, 2017 (ECF No. 45) is hereby VACATED.

IT IS FURTHER ORDERED that a status hearing is set for 10:00 AM, March 5, 2018, in Courtroom 3D.

## NOTICE

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 4th day of October, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE