# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Alfred Clark,

    Plaintiff

v.

New Century Mortgage Company, et al.,

    Defendants

Case No.: 2:17-cv-01065-JAD-VCF

**Order Granting Motion to Dismiss**

[ECF Nos. 25, 48]

Pro se plaintiff Alfred Clark sues a myriad of defendants, including lenders, trustees, and a loan servicer, for violating the Fair Debt Collection Practices Act (FDCPA) and wrongfully initiating foreclosure proceedings against him. Defendants US Bank National Association, Western Progressive – Nevada, Inc., and Ocwen Loan Servicing, LLC, move to dismiss Clark's claims, arguing that Clark either lacks standing to raise them, filed them too late, or fails to sufficiently plead them.[1] Defendant Barclays Capital Real Estate, Inc. joins in the motion.[2] I find that Clark's wrongful-foreclosure claim is premature and his FDCPA claims are time barred. So, I grant the motion to dismiss and close this case.

## Background

In 2006, Clark received a $204,000 loan from Clarion Mortgage Capital to purchase a property in Las Vegas referred to by the parties as "the Harmony property."[3] The note was secured by a deed of trust naming Clarion as the beneficiary and First American Title Co. as the trustee, Through a series of assignments and sales, US Bank eventually became the beneficiary.[4]

---

[1] ECF No. 25.

[2] ECF No. 27.

[3] ECF No. 26-1 (deed of trust). The deed of trust is recorded at the Clark County Recorder's Office, and I take judicial notice of it. FED. R. EVID. 201.

[4] ECF Nos. 26-2 (assignment from Clarion to New Century Mortgage Corporation), 26-3 (assignment from New Century (by defendant Barclays Capital Real Estate Inc., dba Homeq Servicing under a limited power of attorney) to US Bank). These assignments are recorded at the Clark County Recorder's Office, and I take judicial notice of them. FED. R. EVID. 201.

1

And in a Notice of Default recorded March 21, 2016, Clark was notified that he had been in default on his payments since June 1, 2014, and he was warned that the Harmony property may be sold if he did not cure the default within the grace period outlined in NRS 107.080.[5] Clark filed this case on April 17, 2017, claiming that an assignment was void somewhere along the chain of title, so neither US Bank nor any other defendant had a right to foreclose on the deed of trust.[6]

## Discussion

**A.  Motion-to-dismiss standard**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[7] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[8] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."; the facts alleged must raise the claim "above the speculative level."[9] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[10]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[11] Mere recitals of a claim's elements, supported only by conclusory statements, are

---

[5] ECF No. 26-7 (notice of default). This notice of default is recorded at the Clark County Recorder's Office, and I take judicial notice of it. FED. R. EVID. 201.

[6] ECF No. 1.

[7] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[8] *Twombly*, 550 U.S. at 570.

[9] *Iqbal*, 556 U.S. at 678.

[10] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[11] *Iqbal*, 556 U.S. at 678–79.

insufficient.[12] Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[13] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[14] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[15]

**B.     Clark's wrongful-foreclosure claim is not yet ripe.**

"To succeed on a claim for common law wrongful foreclosure, one must show that (1) defendants exercised a power of sale or foreclosed on plaintiff['s] property and (2) at the time the power of sale was exercised, there was no breach of condition or failure of performance by [the plaintiff] that would have authorized foreclosure."[16] "The material issue in a wrongful[-] foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'"[17] The defendants argue that Clark cannot plead any set of true facts that will allow for the reasonable inference of these elements.[18] I agree.

Clark has alleged that he received a Notice of Default, but he does not allege that US Bank or any other defendant foreclosed on the Harmony property. The defendants contend that no foreclosure sale has occurred yet,[19] and Clark does not disagree.[20] So, I find that Clark has failed to plead sufficient true facts to satisfy the elements of a common-law wrongful-foreclosure

---

[12] *Id.*

[13] *Id.* at 679.

[14] *Id.*

[15] *Twombly*, 550 U.S. at 570.

[16] *Turbay v. Bank of Am., N.A.*, 2013 WL 1145212, at *4 (D. Nev. Mar. 18, 2013) (citing *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983)).

[17] *Id.* (quoting *Collins*, 662 P.2d at 623).

[18] ECF No. 25 at 7–8.

[19] ECF No. 25 at 8.

[20] *See generally* ECF No. 30.

claim. And because the Harmony property has not been foreclosed on, I dismiss this claim as premature and without leave to amend.

**C.     Clark's FDCPA claims are time barred.**

A plaintiff has only "one year from the date on which the violation occurs" to bring "[a]n action to enforce any liability" under the FDCPA.[21] Defendants argue that the one-year period on Clark's FDCPA claims expired before he filed this lawsuit because the alleged violations upon which Clark bases his claims occurred on January 9, 2009, the date of the allegedly void assignment, and March 21, 2016, the date that the Notice of Default was recorded.[22] Clark filed this case on April 17, 2017,[23] so he missed the deadline to file by a month even under the most generous calculation.[24] Clark does not present anything to the contrary.[25] I therefore find that Clark's FDCPA claims are barred by the statute of limitations, so I dismiss them with prejudice, and I do not reach the parties' remaining arguments on this claim.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that the defendants' motion to dismiss **[ECF No. 25] is GRANTED**, Clark's wrongful-foreclosure claim is dismissed without prejudice as premature, and his FDCPA claims are dismissed with prejudice. The Clerk of Court is directed to close this case.[26]

---

[21] 15 U.S.C. § 1692k(d).

[22] ECF No. 25 at 11.

[23] ECF No. 1.

[24] Clark filed an identical case on September 7, 2016. *See* case no. 2:16-cv-02113-GMN-GWF. But he voluntarily dismissed it on April 18, 2017. That other case was filed within the limitations period, but he does not argue that he is entitled to statutory or equitable tolling while it was pending. Indeed, because he voluntarily dismissed that case, he is likely precluded from tolling of any variety.

[25] *See generally* ECF No. 30.

[26] Although only four of the five defendants moved to dismiss Clark's claims, the defects plague all claims against all defendants. So, I dismiss them.

IT IS FURTHER ORDERED that Clark's objections to Magistrate Judge Ferenbach's October 4, 2017, order **[ECF No. 48] are OVERRULED as moot** in light of this order.

Dated: March 15, 2018

                                                                     _____

                                                                 U.S. District Judge Jennifer A. Dorsey